You're on the second case on the gossip, 2-18-0391, people of the state of Illinois, plaintiff's appellate, the indifference of J. Houston, defendant's appellate. Arguing on behalf of the plaintiff's appellate, Mr. Ivan A. Taylor, Jr. Arguing on behalf of the defendant's appellee, Mr. Eric F. Watson. Mr. Taylor, you may proceed. Good morning, Your Honors. Good morning, Counsel. May it please the Court, my name is Ivan A. Taylor, Jr. Arguing on behalf of the state. In this case, we are asking this Court to find that the trial court erred when it granted the defendant's motion for directed binding, and further erred by accepting the defendant's plea of guilty for the unamicable charges. Before we get to this particular issue, we need to discuss the jurisdiction this Court has to hear this case. Under the Sexual Offenses Persons Act, in order for there to be a civil hearing, there must be a criminal offense. Once that offense exists, then the state, in lieu of the criminal charges, will bring the civil hearing. As a civil case, that allows the state to appeal if, in this instance, when the trial court decides to accept the defendant's motion for directed binding. However, after that judgment was given by the trial court, the state filed a notice of appeal. The trial court entered judgment on its order, but then accepted the defendant's plea of guilty. Unfortunately, the trial court didn't have the jurisdiction to accept that guilty plea. Once it enters judgment for the motion for directed binding, that would mean that the notice of appeal filed by the state was accepted as being filed, and then the trial court loses jurisdiction. Are you saying the court didn't have subject matter jurisdiction, or are you saying that the trial court abused its discretion relative to accepting a plea? I'm saying that the trial court lacked subject matter jurisdiction. It lost its jurisdiction once it did it. Once the trial court entered order on the grant of a motion for directed binding, that meant the state's notice of appeal was considered filed. Once the notice of appeal is filed, the trial court loses jurisdiction, and then this court gains jurisdiction. When the state goes forward on the civil proceeding, is the criminal charge just sort of swept up into that civil proceeding, or do they remain two separate and distinct cases? The underlying criminal charge, it can't be distinct because in how the statute is read, the civil proceedings are brought in lieu of the criminal charges, but the criminal charges still need to exist in order for these civil proceedings to occur. So as civil proceedings are going on, effectively the criminal charges are state. Are what? Are state. They're effectively distinct. So then when the directed finding was entered, that sort of cloud is removed. Why isn't the criminal charge then just an independent charge? Because the state has a right to, as civil plaintiffs, the state has a right to appeal, and the state did. And so the civil proceedings aren't done. They're still going on. So practically, though, would the defendant remain in custody on a civil appeal? I do believe in, for these hearings, defendants in custody for the criminal charges does remain in custody for the civil proceedings. He pled guilty and was given credit for time served, wasn't he? Yes, he was. And wasn't the time served more than a year? I believe it was, yes. And wasn't the charge a misdemeanor? The charge that the hearing was based on was a misdemeanor, yes. So he basically spent more than a year in jail on a misdemeanor while the civil proceeding was pending. While he did spend more than a year, some of that delay for the civil proceeding was caused by the defendant himself. Your jurisdiction argument is based upon this pending notice of appeal, correct? Yes. Let me ask you this. If, in fact, the state files an SDP petition, the criminal charges we know by the case law are stayed by operation of the statute, or at least that's the way the case is read in the statute, what if the trial judge during that time period had accepted a plea without a notice of appeal pending? Would the trial court have had jurisdiction to accept a plea? I don't see how the trial court would have had jurisdiction to accept a plea at that point because the purpose of the SDPA is for the state to bring a set of criminal charges to bring a civil proceeding. Well, the statute can't deprive a court of jurisdiction under Bill Bill-Toyota. I mean, the court has jurisdiction, subject matter jurisdiction, in this type of case to enter pleas or accept pleas, correct? Generally, yes. The thing is, in this situation, in your hypothetical, if the court were to accept a plea then, at that point, it is saying to the state that I know you're trying to do civil proceedings, but to that. And it just stops those proceedings and basically removes the state from trying to prosecute, essentially. Does the speedy trial demand apply in a situation like this? I believe in Spurlock they've held that the Speedy Trial Act does apply to a situation involving the Susception of Innocence Act, yes. So, if the speedy trial doesn't apply, then, from what I gather, your position is that until such time as there is a final judgment entered, without further recourse, the speedy trial is stayed or suspended and a misdemeanant could be in custody or whatever, or jeopardy, for as long as it takes for this to go to the Supreme Court or possibly the U.S. Supreme Court. Because I assume you're saying that the proceedings are stayed. You mean until such time as all avenues of appeal have been resolved and disposed of? Not just here. Or are you saying that it's just here? And if we rule in favor of the defendant, then it's over because you agreed that you're not going to file a PLA because it's over. What the State is arguing is that, just from the previous case law, that when there is a petition under the Suspension of Innocence Act, that just stays the criminal proceedings. And because the STPA is a civil proceeding in itself, that does allow the State to appeal and that would stay the criminal proceedings. What is the purpose of this particular statute? Is it supposed to relieve the defendant of criminal liability in the event that he or she is found to be a person who is established to be a person under the Act that needs some sort of counsel? The purpose of the Act is to help certain defendants that can receive treatment as opposed to going to just a jail or prison. And so with that treatment, hopefully become a better member of society. Does the defendant have the right to demand the right to plead to the charge? The right to the charge of being an established person? Well, you say the proceedings are State, which suggests that if you think that that is the case, then neither party can seek a disposition on the criminal side. And if that's the case, then it means that the defendant cannot plead in the blind to the proceeding. He must comply with this stay and not do anything. Well, Your Honor, if the defendant is willing to plead in the blind, as you say, the prosecutor still needs to be able to want to accept that plea. But the prosecutor is trying to process him under this particular Act. He's not trying to process him under the criminal proceedings. I'm not sure you answered my question, which related not to what the State did, but whether or not the defendant would be precluded from giving or taking a blind plea. Demanding that the court take his plea of guilty, that he withdraw his plea of not guilty? Your Honor, I'm not completely sure the answer to your question. I believe that whether or not the defendant can make the demand that you're saying. I don't think he's precluded from doing so, but that's not going to mean his demand will be accepted. I'm sorry, it's accepted by who? Well, the ability to plead guilty is just an option that the defendant may take. But the court needs to still accept that plea. I'm sorry, the court. The court has to accept the plea if the defendant wishes to do so. Correct. And I believe that Justice McClendon's question is that the defendant would be allowed to actually demand a plea or not. Does he have a constitutional right to plead guilty and be sentenced and get out of there and pay his fine or whatever? I don't think the right to plead guilty is in the Constitution itself. It's just the right to plead guilty is something that is allowed. And it seems that there's a quid pro quo for both sides in the sense that the statute is supposed to preclude the entry of a conviction in the event that the defendant is found to be in need. I believe so. In other words? I hope you answered the question. Thank you. With regards to why not this court has jurisdiction to hear this appeal, do you believe that the defendant brought up whether or not under the Constitution a right against double jeopardy applies to this situation? The Constitution has the same argument that it doesn't. And the Section of the Injury to Person Act does list a few of the specific rights that a defendant has, like the right to a jury trial, the right to counsel, the right to present evidence. However, in Traynor, the Illinois Supreme Court never stated that the defendant also had – never stated that the double jeopardy clause applies in this situation. There have been appellate cases that specifically stated that double jeopardy clause does not apply. On the merits of this case, you would agree that we're bound by the ruling in Bingham about a contact sex offense. Would you agree with that or disagree? Yes, that is the – the state right now is arguing that Bingham is a holding law. So both of these doctors testified unequivocally that they could not come to an opinion as to whether or not it was substantially probable that the defendant would engage in a contact sex offense. Correct. From – from their training, they can only say that he – they can say a Republican can come – he would commit a sex offense, but not a contact sex offense, as Bingham said. So, I mean, how is the directive finding not appropriate in this case? The directive finding is not appropriate because as long as the state presents this – some evidence under each element, that's all it needs to describe the directive finding. In Bingham, the court utilized the definition of sexual conduct as the basis for what a sex offense is. And within the definition of sexual conduct, one of the items is touching any part of the body of a child under 13 years of age. And from – I believe it was Dr. Gasco. Dr. Gasco, in his write-up and his testimony, stated – and stated without objection that the defendant was – like, was highly probable to commit an act of child molestation in the future. Right, but he also went on to say on a pointed question in cross-examination that he couldn't say it would be a contact sex offense, correct? Right, not a contact sex offense. So – so how do we know what he meant by molestation? And molestation, in his mind, could mean public indecency, other non-contact sex offenses. The – for molestation, I don't believe this is a common use. Tell me if the term molestation involves some form of contact with it inherently. So while the testing – while the discussion and testing that the doctors provided were not geared towards how Bingham has defined sex offense, and it's used more broadly, sex offense as opposed to contact sex offense in Bingham, Dr. Gasco was clear that the defendant was highly probable to commit a child molestation in the future. And within sexual conduct, child molestation is one of the things that defines sexual conduct. And even during cross-examination with Dr. Gasco, the defense counsel never tried to question his particular finding. You may finish, or if you felt like you'd like to extend the answer to the question, feel free. Thank you, Max. And from Traynor, we also know that just the testimony of one psychiatrist is sufficient to have a prima facie showing within one's proceedings. And that is why the state is arguing that the trial court was incorrect to grant the motion of directed finding. It did provide a prima facie showing on each element of the charges against the defendant. As such, the state would ask the support to accept that as jurisdiction to hear this appeal, and to find that the court had erred in accepting the motion of directed finding, and remand the court proceedings. Thank you. Thank you. Do I have an opportunity to make a rebuttal? Mr. Rinchard? Or Reinhardt? I'm sorry. The E looked like a C. May it please the court, Eric Reinhardt, on behalf of Apt. L.E. Nicholas Rising. Good morning. Good morning. Counsel, maybe I can start off with a question. Sure. Generally, a notice of appeal divests the trial court of jurisdiction over a case, correct? Correct. Why did the notice of appeal, in this case, not divest the trial court of jurisdiction to proceed on the criminal charge? First, defense counsel for Mr. Rising made his motion to enter the guilty plea prior to the filing of the notice of appeal. As soon as the directed finding was granted, Mr. Rising's counsel made the motion instantly to enter the guilty plea before the prosecutors could file the notice of appeal in the clerk's office downstairs. So under a basic application of Supreme Court rule, I believe it's 303A2, that motion needed to be heard before the notice of appeal became effective. So the trial court did actually properly hear Rising's motion to enter the guilty plea the next day. And at that point, the notice of appeal became effective under operation of 303A2. Second, I think that's the main reason. Are you also arguing that these are two separate claims within the same case? Or are they so tied together that they're not two separate claims? I think that they are. Because if they're two separate claims, you'd need 304A language, correct? Correct. And there was no 304. I know that. Right. There was no 304A language in this case. Yes, I think that they are not so tied together once the petition was denied. They are certainly not tied together because the petition has been, the State's petition has been denied. What's interesting is that the statute actually contemplates what happens when somebody completes treatment. It gives you a framework. When somebody completes treatment and is successfully discharged, I think it's under Section 10. Then under Section 9, I think the charges are dismissed under Sections 9 and 10. The charges are dismissed. We have a sort of sequential operation. What we don't have in the statute is a sequential operation, so to speak, about what if the petition is denied. And it may be a rare instance where the petition is denied. And to some extent, I think this entire appeal by the State is their, and I'm saying this respectfully, but it is an element of this. They're sort of running down to the clerk's office to file a notice of appeal when all of the matters aren't resolved. And this entire appeal by the State is, to use a very well-worn cliche, and I apologize, we're fitting a square peg into a round hole. There is no aspect of this appeal that respectfully makes any sense. They do have the right to appeal. You would agree with that, correct? I mean, it's a civil case that they've lost. I actually, Justice, I actually don't. And this is a little bit of a theoretical operation outside of some of the facts in this and the operation rules. As you know, sir, I wrote in the brief that I actually believe and would argue that the Double Jeopardy Clause prevents this type of appeal. And this type of appeal is a finding on the evidence. Do I think under Rule 308 that there are aspects of this that could be appealed? Absolutely. Do I think that there are ways to do a certified question? Of course. I think there are ways for the government to get some type of appellate review on legal issues. But as the trial court stated, the evidence in this case was fatally flawed. So I don't think that the court has to agree with me with respect to the double jeopardy analysis to reject this appeal for many reasons. But I actually do believe that for the government to lose on a trial that deprives somebody of their liberty, and that's a critical aspect, I actually do believe that for the government to lose in its proofs, I respectfully do not believe they should be able to appeal that. And the case that counsel cites is McDonald, and it's from 1989. And in McDonald, there was a legal problem with the appointment of the experts. And the McDonald court said in 1989, there is no double jeopardy issue here because it's a civil matter, and we recommit the issue to the trial court. But there hadn't been a resolution of the evidence. There hadn't been a trial on the merits of the case. And when Treanor comes in in 2001 and starts really applying the due process standards in 2001 with respect to counsel, with respect to the reasonable doubt standard, respectfully, I believe that the reasonable doubt standard and the right to counsel, I think those rights are, we could call those 1A rights. I think to not be tried by the government multiple times completely on the substance of a case, I think that's a 1A right to sort of use a strange classification. And you would say then that applies to SVP petitions also? I think if the government lost on a Section 35 trial on the merits of the case, I think the double jeopardy clause, I would argue, would apply in that context under due process. Assume for a minute double jeopardy does not apply. Okay. You argued that there was no, the State did not appeal the guilty plea. And that's a very important part of my argument. What's the vehicle that they could use to appeal a guilty plea? Well, Rule 604 doesn't have that type of framework in the criminal context. In this case, you might notice from the notice of appeal justice that they actually don't refer to the guilty plea. I don't, respectfully, I don't believe this Court has jurisdiction over the guilty plea. Well, but respectfully, how would they appeal a guilty plea? I mean, you just said 604a. You know, Castleberry is very clear. If it's not in 604a, you can't appeal at State. Right, and it's not. It's not in there. This is not in there. No, this is not in 604a in any way. And they didn't file a post-plea, they didn't file a post-judgment motion with respect to the plea. The notice of appeal that you have in your appendix and in this case is for the civil judgment that was entered on May 17th. It's the next day that the May 18th plea is entered. And so, respectfully, I don't know that the Court has jurisdiction over the guilty plea. And counsel concedes in their brief that with the resolution of the criminal case in this way, the appeal is moot because the case cannot be sent back because there is no pending case, which is a requirement under the SDP Act. Would you also agree that if by operation of law that the criminal case is stayed while the SDP petition is pending? I do agree with that. I think so. The cases talk about until it's resolved. Yes, that's exactly right. Now, wouldn't resolve mean fully resolved, and that means through the appellate process or not? Again, putting aside your double jeopardy. Assuming the state has the right to appeal a finding against them on the SDP. With respect to the merits. With respect to the merits, if they indicate that they want to pursue that on appeal, shouldn't the stay remain in place? Because it's not fully resolved until it's fully resolved. I think, first of all, I don't think the Act fully contemplates. Because the Act discusses what happens after the successful completion of treatment, it describes that sequence. The Act doesn't describe this sequence when a petition is potentially withdrawn voluntarily or. . . It's a great point, yeah. I don't think that fully resolved in that context would apply to this type of appeal. And certainly not while that, without that 304 language. I think that they can reach the criminal matter once the petition is dismissed. Because there's no reason at that point to stay the proceedings. And it may be a very rare instance. I mean, just to acknowledge the practicality of this. It may be a very rare instance that a petition is denied with respect to this. And I just don't know that anyone contemplated a petition being fully won by the respondent in this matter in terms of the statute. But when you put together these other parts, whether it's the Supreme Court rules, whether it's the Double Jeopardy Clause, whether it's Rule 604. . . And I do think it's important that there's something. . . You know, this isn't unfair to the State. The State could have done certified questions with respect to the Bingham issue. They sped through this. They went to trial. They didn't seek. . . At one point, I think it's Brucker's testimony was barred. Brucker made a change in his opinion. And Brucker's opinion was barred. Excuse me, it's Brucker. Brucker's opinion was barred. They didn't seek a continuance. They didn't seek any type of interlocutory review. They went barreling forward to get this to trial. And then when they got the verdict that respectfully was inevitable, as the trial court said, this was fatally flawed. And I do want to take a moment. I don't understand the State's argument today that molestation has a common meaning. As you asked, the experts, when that was drilled down by defense counsel, it was drilled down that none of the State's witnesses believed that there would be a contact offense under Masterson. Some of the confusion is that there are so many different ways that they talk about sex offenses in the different elements, in the statutory elements, that the reference to molestation is in a different, is in a potentially different part of the statutory definition. But under Masterson, what you're really talking about is that substantial probability to commit future sex acts, and it is there that we incorporate the Bingham definition. So I think in the trial court, the government needed to drill down on whether or not Gaskell possibly met contact. There's nothing in the record that says Gaskell met contact for the term molestation. And as you said, Justice Berg, the molestation could have meant anything. It could have been a non-contact offense. When defense counsel did drill down at that next level and say, are you talking about contact offenses? No, I can't say that it's substantially probable he'll commit contact offenses. I did want to take a moment to comment on that regarding counsel's argument here today, because I don't think there's any evidence in the record that Gaskell or Brucker or any party ever thought that it was substantially likely that rising a misdemeanor or an accused misdemeanor would commit a contact offense. So this Court is bound by Bingham. The trial court correctly applied Bingham, correctly, you know, applied its rulings with respect to barring expert opinions, which came in late. And so every aspect of this appeal doesn't quite fit. It's definitely moot, though, under the lack of jurisdiction of this Court with respect to the appeal, with respect to the guilty plea. And I think that without an avenue to challenge that guilty plea, that guilty plea has to stand and then the Court cannot reinvest the trial court, this Court cannot reinvest the trial court with jurisdiction to reopen the SDP Act. And so I think for those reasons, the Court should uphold the trial court's rulings and dismiss the appeal. Well, if you think it's moot, then we don't uphold. I don't think the trial court's ruling, I think we dismiss the appeal. Yes, dismiss the appeal or uphold the trial court's rulings with respect to the facts. And I think in particular, we talk a lot about the very unique aspects of this case, because it's an SDP finding for the Respondent, because the language is unclear with respect to what happens if the Petitioner is successful. But sort of aside from some of those issues, there seems to be very little doubt that the trial court really took its time with this. The trial court in its own rulings talks about the amount of research it put into this, looking at the Bingham issue and considering Brucker and Gaskell's opinion. There's just no evidence whatsoever that would suggest that the trial court was wrong with respect to that final ruling in the matter. So for those reasons, we'd ask that the Court dismiss the appeal and in the alternative, uphold the trial court's findings. Thank you. Mr. Taylor, you may proceed. Thank you, Your Honor. A few points I want to address. Could you speak up a little louder?  A few points I wish to address. To address your concerns regarding whether or not a defendant has to remain in custody during the civil proceedings and when the civil proceedings are appealed, the defendant is capable of receiving bail. I do believe even within the criminal context, if the State makes an appeal, the defendant can make a motion to receive bail and be let out of jail during that time frame. True, but he would still be subject to the conditions of some type of bond. That is a possibility. He could also ask to not have a bond while being released, but it would really depend on the defendant and the individual himself. To return to what the defendant has been stating in regards to the Double Jeopardy Clause, yes, there were cases from 1989 stating that the Double Jeopardy Clause does not apply to this particular section of the Persons Act as a civil in nature. But even when Treanor was discussing the rights that a defendant would have under the SDPA, they don't bring up Double Jeopardy at all, even when they had an opportunity to do so. Further... The State objected to the trial court's acceptance of the guilty plea, correct? Correct. Why didn't the State challenge that after it happened? You're asking why didn't the State challenge the guilty plea itself? Why didn't the State challenge the guilty plea? I think at that time the State was focused on the... because it already had appealed for... The State's argument was that the trial court had no jurisdiction to even accept the guilty plea because the trial court had already entered judgment as to its orders granting the motion for defining, and the State had already appealed that order itself. Well, if the trial court didn't have jurisdiction, or in the alternative, if by operation of law this whole thing should be stayed until the appeal process is resolved, then you're talking about questions of law, you're talking about questions for which the trial court would not have jurisdiction, would not have discretion in how to act, correct? Correct. That sounds like a Taylor-made case for a mandamus. I mean, why didn't the State follow a mandamus? When the trial court said, I'm accepting the plea, the State followed a mandamus. I can't say as to why they did follow a mandamus. Or a writ of prohibition. I'm sorry? Or a writ of prohibition. I can't say as to why they did. Why didn't you appeal and claim that instead of there was lack of jurisdiction, it was avoidable error, not in compliance with statute? I can't say as to why that wasn't done. You may continue if you wish. Thank you, Your Honors. I'll just briefly conclude. The State acts after the court finds that it does have jurisdiction to hear the plea. I'm sorry, Your Honors. Counsel did suggest in his argument that just as the trial court is entering its finding, you know, I'm directing, I'm granting the defense official a direct finding, that's the entry clause, and defendant then at that time asks to plead guilty. There was no notice of appeal. Why doesn't that just simply control hearing? This is merely voicing one's intent for future action. It's not something in the motion. The defendant doesn't mention that rules, Superior Court Rule 302A would apply because it's a post-judgmental motion. A post-judgmental motion must be dealt with prior to any appeals being allowed. However, the defendant is stating that disappointing to plead guilty is not a motion. And, excuse me, Your Honor, but that's not a motion. So that difference in Superior Court Rule doesn't apply in this situation. Okay. Were there any more questions? I have none. Thank you. If there's another case on the call, there will be a short recess.